UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

                Plaintiff,

      -against-

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                Defendants.

**ORDER**

22 Civ. 8936 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff, who is appearing pro se, brings this action under Title II of the Americans with Disabilities Act and the Rehabilitation Act, alleging that Defendants discriminated against him by failing to provide him with reasonable accommodations for his disability for the purpose of accessing the proceedings held at the New York City Housing Court. By order dated November 15, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

    As discussed below, the Court (1) dismisses Judge Ferdinand under the doctrine of judicial immunity; (2) orders service on the Office of Court Administration ("OCA"), Judge Lawrence Marks, Chief Clerk Alia Razzaq, ADA Coordinator John Sullivan; and (3) directs the Attorney General to provide the name and address of the Section 504 Coordinator, so that this individual may be served.[1]

---

[1] Plaintiff states in the complaint that Defendant Dennis Kehoe is deceased. At a later stage, the Court will address with the parties Plaintiff's intention in naming this individual.

After counsel for Defendants have appeared, the Court will schedule a hearing, under Rule 17 of the Federal Rules of Civil Procedure, to determine whether Plaintiff is competent to litigate this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that he is disabled as defined in the ADA and the Rehab Act due to a traumatic brain injury. He alleges that that, since December 2019 when he began litigating a holdover petition brought by Defendant Kehoe in New York State Housing Court, he has been discriminatorily denied reasonable accommodations, such as audio recordings of conferences, necessary for him to participate in the litigation.

## DISCUSSION

**A.     Claims Brought Against Judge Ferdinand Are Dismissed As Frivolous**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. Mireles v. Waco, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in

nature." Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009). "A judge's control of ongoing proceedings and managing the court's docket is at the heart of the judicial function" Richter v. Connecticut Jud. Branch, 2014 WL 1281444, at *10 (D. Conn. Mar. 27, 2014), aff'd, 600 F.App'x 804 (2d Cir. 2015) (citing Huminski v. Corsones, 396 F.3d 53, 76 (2d Cir. 2005) ("A court's control of its docket is also a judicial act because it 'is part of [a court's] function of resolving disputes between parties.'" (quoting Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) (alterations in original)).

"Even allegations of bad faith or malice cannot overcome judicial immunity." Id. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994). In addition, 42 U.S.C. § 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Id.

Judicial immunity does not apply when a judge takes action "outside" his judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." Mireles, 502 U.S. at 9-10; see also Bliven, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Judge Ferdinand acted beyond the scope of her judicial responsibilities or outside her jurisdiction. See Mireles, 509 U.S. at 11-12. Because Plaintiff sues this defendant for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. Bliven, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Ferdinand under the doctrine of absolute

judicial immunity and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). See Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### B. Order of Service on Office of Court Administration, Lawrence Marks, Alia Razzaq, and John Sullivan

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants OCA, Marks, Razzaq, and Sullivan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these

defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Order to Identify the John Doe Defendant

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the OCA to identify the John Doe Defendant named in this action. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the OCA, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will issue an order directing the Clerk of Court to add this John Doe Defendant to the caption of the complaint, and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

### D. Appointment of Guardian ad litem

In Plaintiff's complaint, he states that in August 2022, his attorney in the Housing Court matter asked Defendant Judge Ferdinand to appoint guardian ad litem ("GAL") in that matter. (See Dkt. No. 2, at 29) Because Plaintiff has stated in his complaint that a question

regarding his competency was raised in a state court matter, this Court must "undertake an inquiry into [Plaintiff's] competency" and consider whether a GAL should be appointed in this matter under Rule 17 of the Federal Rules of Civil Procedure. Lewis v. Newburgh Hous. Auth., 692 Fed. Appx. 673, 675. Accordingly, following Defendants' filing notices of appearance, the Court will set a schedule to address this issue.

## CONCLUSION

The Court dismisses Plaintiff's claims against Judge Ferdinand as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is instructed to issue summonses for OCA, Administrative Judge Marks, Chief Clerk Razzaq, and ADA Coordinator Sullivan, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General's Office, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.
Dated: New York, New York
December 13, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

(1) NYS Unified Court System – NYC Office
Office of Court Administration
25 Beaver Street – Rm. 852
New York, NY 10004

(2) Chief Administrative Judge Lawrence Marks
Office of Court Administration
25 Beaver Street – Rm. 852
New York, NY 10004

(3) Chief Clerk Alia Razzaq
New York City Civil Court, Housing Part
111 Centre Street
New York, NY 10013

(4) John Sullivan
ADA Coordinator
Office of Court Administration
25 Beaver Street – Rm.
852 New York, NY 10004