UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD DAVIDSON,

                              Plaintiffs,                      22-CV-8936 (PGG) (VF)

                    -against-                                **ORDER**

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                              Defendants.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       The Court directs the Clerk of Court to seek *pro bono* counsel to enter a limited appearance for the purpose of assisting Plaintiff with filing an amended complaint in the above-captioned action and opposing Defendants' anticipated motion to dismiss.[1] Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

       The *in forma pauperis* (IFP) statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. Id. Even if a court believes that a litigant should have a free lawyer, under the IFP statute, a court has no authority to

---

[1] Plaintiff has not filed a new motion for the appointment of counsel, but the Court grants Plaintiff pro bono counsel *sua sponte.* Gunter v. Comm'r of Soc. Sec., 361 F. App'x 197, 200 (2d Cir. 2010).

"appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for IFP status. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed an IFP application, which the Court granted. See Order dated November 15, 2022, ECF No. 13. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff alleges that the Office of Court Administration of the New York State Unified Court System unlawfully discriminates against disabled litigants in the Housing Part of the Civil Court of the City of New York. In a conference held with the Court on June 5, 2023, Plaintiff indicated that he has identified additional causes of action as well as additional defendants, and he sought leave to file an amended complaint, which the Court granted. The Court finds that Plaintiff's claims are "likely to be of substance," and that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." <u>Hodge</u>, 802 F.2d at 61-62. Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of assisting Plaintiff in filing an amended complaint and opposing Defendants' anticipated motion to dismiss.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of settlement discussions. Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2023
         New York, New York

                                      VALERIE FIGUEREDO
                                      United States Magistrate Judge