UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD DAVIDSON,

                              Plaintiffs,              **22-CV-8936 (PGG) (VF)**

                                                      **ORDER**

               -against-

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

    **I.**    **Motion for Interactive Process for Determining Accommodations and Modifications of Procedure for Plaintiff with Disabilities**

On October 20, 2022, Plaintiff filed a motion requesting "Interactive Process for Determining Accommodations and Modifications of Procedure for Plaintiff with Disabilities." See ECF No. 4. On June 5, 2023, the Court held a conference to discuss Plaintiff's motion. At the conference, the Court explained that it is amenable to providing Plaintiff with any reasonable accommodations he requires during the pendency of the case. Following the conference, the Court issued an order memorializing what was discussed at the conference, resolving Plaintiff's motion. See ECF No. 28 at 1. On July 18, 2023, Plaintiff filed another motion requesting "Interactive Process for Determining Accommodations and Modifications of Procedure for Plaintiff with Disabilities." See ECF No. 37. As explained, the Court will provide Plaintiff with

the reasonable accommodations he may require during the pendency of this case so long as Plaintiff alerts the Court to the need for the accommodation. The Court is aware of letters sent to the District Executive's Office from Plaintiff's doctors, which state that he may need extended deadlines, additional time to prepare for conferences, written communication where possible, agendas for any in-person conferences, and audio/video recording of in-person conferences. The Court reiterates that when Plaintiff needs such accommodations, Plaintiff should reach out to the Court with his specific request and the Court will do its best to accommodate Plaintiff. Therefore, the Court considers the issues raised by Plaintiff in his motion resolved, and the Clerk of Court is directed to terminate the motion at ECF No. 37.

II.     **Motion for Appointment of Special Master**

On July 18, 2023, Plaintiff filed a motion requesting the appointment of a special master to develop an interactive process by which the Court can accommodate Plaintiff's disabilities. See ECF No. 38. Specifically, Plaintiff "requests at least three conversations on at least three different days in order to try to work together with a Special Master to set up a framework for reasonable accommodations and modifications of procedure for a litigant with an unclear array of neurological disability deficits and learning disability deficits which are affected in 2023 by the 'long-haul' consequences of a viral infection ins 2020." Id. at 7. Defendants have taken no position on the appointment of a special master.

"The appointment of a special master under Rule 53 is committed to the sound discretion of the court." Wasley Prod., Inc. v. Bulakites, No. 03-CV-1790 (MRK) (WIG), 2006 WL 3834240, at *11 (D. Conn. May 31, 2006). As stated, the Court is committed to providing Plaintiff with whatever reasonable accommodation he may require during the pendency of this case. Indeed, the Court has already provided Plaintiff with several accommodations. For

2

example, at Plaintiff's request, the Court rescheduled a telephone conference to an in-person conference, and the Court granted Plaintiff's various extension requests. At this juncture, the Court does not deem it necessary to appoint a special master. Plaintiff's motion to appoint a special master is therefore denied without prejudice. Plaintiff may renew his request at a later date should he feel that the Court is not heeding his requests, or should other circumstances arise. The Clerk of Court is directed to terminate the motion at ECF No. 38.

### III.    Next Steps in this Litigation

On June 5, 2023, the Court granted Plaintiff leave to file an amended complaint (see ECF No. 28) which Plaintiff filed on July 8, 2023 (see ECF No. 34). To date, Defendants have not filed an answer or otherwise responded to Plaintiff's amended complaint, and their deadline to do so ran on July 28, 2023. However, for the reasons explained below, the Court sua sponte grants Plaintiff leave to file a second amended complaint, and therefore extends Defendants time to answer or otherwise respond.

Plaintiff's amended complaint is over one thousand pages long. See ECF No. 34. The Court believes that Plaintiff could benefit from the assistance of a lawyer to more clearly and concisely state his claims. On June 5, 2023, the Court entered a separate order directing the Clerk of Court to seek pro bono counsel to enter a limited appearance for the purpose of assisting Plaintiff with filing an amended complaint and opposing Defendants' anticipated motion to dismiss. See ECF No. 27. In the order at ECF No. 28, the Court explained that the process by which the Clerk of Court seeks pro bono counsel for a litigant is one which may take some time. In the interim, the Court suggested that Plaintiff consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are

representing themselves in civil lawsuits in this Court. The Court has spoken with NYLAG, who has determined that they are unable to assist Plaintiff due to a conflict. Plaintiff, however, may consider contacting the City Bar Justice Center, which provides pro bono legal services to low-income clients throughout New York City. The Court notes that the City Bar Justice Center is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit. A copy of the flyer with details of the City Bar Justice Center is attached to this order.

Plaintiff is encouraged to contact the City Bar Justice Center and is given 45 days (until September 14, 2023) to file a second amended complaint, should he wish to do so after speaking with an attorney at the City Bar Justice Center. If Plaintiff does amend his complaint, Defendants are directed to answer or otherwise respond to the complaint by no later than October 13, 2023. Should Plaintiff not choose to file a second amended complaint, Defendants are directed to answer or otherwise respond to Plaintiff's amended complaint by no later than October 13, 2023. For the sake of clarity, the new deadlines are as follows:

- Plaintiff is encouraged to contact the City Bar Justice in order to consider filing an amended complaint. Should Plaintiff choose to do so, the deadline is **September 14, 2023.**

- Defendants are directed to answer or otherwise respond to Plaintiff's second amended complaint by **October 13, 2023.** Should Plaintiff not file a second amended complaint, Defendants are directed to answer or otherwise respond to Plaintiff's amended complaint at ECF No. 34 by October 13, 2023.

The Court reiterates that should Plaintiff need an accommodation, including an explanation of any of the decisions outlined above or an extension of time, he is directed to

submit a letter to the Court requesting such an accommodation. The Court will do its absolute best to accommodate Plaintiff and help the case move along.

**SO ORDERED.**

DATED:   New York, New York
         July 31, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project is a free service offered by the City Bar Justice Center of the New York City Bar Association.

**Who We Help:**
- Self-represented (pro se) plaintiffs and defendants with civil cases in the U.S. District Court for the Eastern District of New York.
- Individuals thinking about filing a federal case pro se in the E.D.N.Y.
- *We cannot assist incarcerated litigants until they return to the community.*
- *We cannot assist with criminal matters.*

**Services We Provide:**
- <u>Limited-scope legal counseling</u> by an attorney. "Limited-scope" assistance means that the Project attorney cannot take your case for full representation. After you meet with us, you will still act as your own lawyer on your case.
- Explaining federal court procedures and rules involved in your case.
- Advising you about potential federal claims before you file a lawsuit.
- Advice on drafts of court papers.
- Giving referrals to legal, governmental, and social services.

**How to Get Free Legal Help:**
- Walk-in intake hours*:
    - Mondays from 1:00 p.m. – 3:00 p.m.
    - Wednesdays from 1:00 p.m. – 3:00 p.m.

- *\*For intake paperwork only. All consultations will be scheduled after completion of intake forms.*
- Scheduled consultation hours (*please call for an appointment*).
- Please leave a voicemail at 212.382.4729; or
- Complete our intake form at https://www.citybarjusticecenter.org/fedpro/intake on your phone or computer.



Federal Pro Se Legal Assistance Project
c/o U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Room 108N
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org