UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD DAVIDSON,

                              Plaintiffs,                        22-CV-8936 (PGG) (VF)

        -against-                                                         **ORDER**

OFFICE OF COURT ADMINISTRATION, et al.

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Before the Court are Plaintiff's "Motion to Take Judicial Notice of a Guardian Ad Litem for Plaintiff in NYC Civil Court" (ECF No. 40); "Motion to Substitute Hon. Joseph Zayas as Public Officer Party Instead of Tamiko Amaker Per Rule 25(d)" (ECF No. 42); and "Motion for Temporary Restraining Order, Order to Show Cause, & Other Ancillary Relief Per FRCP Rule 65" (ECF No. 43). For the reasons explained below and at the conference held on September 27, 2023, the motion at ECF No. 40 is **GRANTED**; the motion at ECF No. 42 is **GRANTED in part** and **DENIED in part**; and the motion at ECF No. 43 is **DENIED.**

A. Motion to Take Judicial Notice

      Plaintiff asks the Court to take judicial notice of the appointment of a guardian ad litem in a New York City Civil Court matter. See ECF No. 40. Plaintiff explained at the conference on September 27, 2023, that he was appointed a guardian ad litem in a pending matter in New York City Civil Court. Plaintiff stated that he objects to the appointment of a guardian in that case and confirmed that he is not seeking appointment of a guardian in this matter.

District courts may take notice of facts that are "not subject to reasonable dispute," if such facts are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice, however, "is not intended as a vehicle for advancing legal principles." Joyner v. Alston & Bird LLP, No. 21-CV-8549 (AT) (SLC), 2022 WL 913061, at *2 (S.D.N.Y. Mar. 29, 2022) (citation and internal quotation marks omitted). Plaintiff's Motion for Judicial Notice is therefore granted to the limited extent that the Court acknowledges that a guardian ad litem was appointed for Plaintiff in the New York City Civil Court matter.

B. Motion to Substitute the Honorable Joseph A. Zayas for of the Honorable Tamiko Amaker

Plaintiff seeks to substitute the Honorable Joseph A. Zayas in place of the Honorable Tamiko Amaker, named in the first amended complaint. See ECF No. 42. This action was originally brought against Judge Amaker in her official capacity as Acting Chief Administrative Judge of the New York State Unified Court System. In May 2023, Judge Zayas was appointed Chief Administrative Judge, and is therefore substituted as a named defendant in this action pursuant to Federal Rule of Civil Procedure 25(d). See Fed. R. Civ. P. 25(d) (permitting automatic substitution of a party who is a public official sued in her official capacity when the public official "ceases to hold office" while a suit is pending). The case caption will be updated accordingly. Because Rule 25(d) automatically substitutes the successor to a party holding public office as a party when the named defendant is sued in his official capacity and ceases to hold office, Plaintiff need not make any further motions to substitute any currently-named defendants should any of those defendants leave office during the pendency of this litigation.

C. Motion for Temporary Restraining Order

Plaintiff requests that this Court enter a temporary restraining order to "command[] the [Unified Court System] Defendants to cease any and all actions involving the Plaintiff which are made unconstitutional by their violations of 28 CFR § 35.160 and 28 CFR § 35.164" and to "order[] the [Unified Court System] Defendants to appear before this Court and show cause, if any, why a preliminary injunction should not be issued." See ECF No. 43.

"[A] plaintiff seeking a temporary restraining order must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385, 391–92 (S.D.N.Y. 2011) (internal quotation marks omitted). "It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." Andino v. Fischer, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). "The showing of irreparable harm is perhaps the single most important prerequisite for a preliminary injunction." CF 135 Flat LLC v. Triadou SPY N.A., No. 15-CV-5345 (AJN), 2016 WL 2349111, at *1 (S.D.N.Y. May 3, 2016) (internal quotation marks, citations, and alteration omitted). Under this prong, the movant "must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." NAACP v. Town of E. Haven, 70 F.3d 219, 224 (2d Cir. 1995). To satisfy this requirement, a movant must demonstrate "that he would suffer irreparable harm if the [temporary restraining order] does not issue." Andino, 555 F. Supp. 2d at 419.

A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation, internal quotation marks, and

3

emphasis omitted); see also Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 462, 472 (S.D.N.Y. 2010) ("Temporary restraining orders and preliminary injunctions are among 'the most drastic tools in the arsenal of judicial remedies,' and must be used with great care.") (quoting Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007)). "The district court has wide discretion in determining whether to grant a preliminary injunction." Almontaser v. N.Y.C. Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008) (internal quotation marks and citation omitted) (per curiam).

Having reviewed Plaintiff's submissions and having conferred with the parties on the record at the in-person conference on September 27, 2023, Plaintiff has failed to establish that he is entitled to a temporary restraining order because, at this time, he has failed to establish that he is likely to succeed on the merits.

Next Steps in this Litigation

As discussed at the September 27, 2023 conference, Plaintiff has leave to file a second amended complaint. Plaintiff is given three (3) months (until January 2, 2024) to file a second amended complaint, should he wish to do so. If Plaintiff does amend his complaint, Defendants are directed to answer or otherwise respond to the complaint by no later than February 2, 2024. Plaintiff is once again encouraged to contact the City Bar Justice Center for help drafting his complaint. For the sake of clarity, the new deadlines are as follows:

- Plaintiff has until **January 2, 2024**, to file a second amended complaint.
- Defendants are directed to answer or otherwise respond to Plaintiff's second amended complaint by **February 2, 2024.**

Lastly, the Court reiterates that should Plaintiff need an accommodation during this time, he is directed to submit a letter to the Court requesting such an accommodation. The Clerk of Court is directed to terminate the motions at ECF Nos. 40, 42, and 43.

**SO ORDERED.**

DATED:   New York, New York
         October 2, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge