**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

RONALD DAVIDSON,

                        Plaintiff,

            -against-

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                        Defendants.

------------------------------------------------------------------X

**22-CV-8936 (PGG) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On January 20, 2025, Plaintiff filed a motion to recuse (see ECF No. 119), but Plaintiff does not indicate which of the two judges on this case the motion is directed towards. I construe the motion to be asking for my recusal. Although not cited by Plaintiff, I interpret Plaintiff to be seeking recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(a). For the reasons discussed herein, Plaintiff's motion is denied.[1]

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Because a motion to recuse is non-dispositive, I address Plaintiff's motion via an opinion and order rather than a report and recommendation. See Rouviere v. DePuy Orthopaedics, Inc., 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024).

28 U.S.C. § 144.

As the Second Circuit has articulated, "'an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Williams v. New York City Housing Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966)). "The mere filing of an affidavit of bias, pursuant to 28 U.S.C. § 144 . . . 'does not require a judge to recuse [herself or] himself.'" In re Holocaust Victim Assets Litig., Nos. 09-CV-3215, 96-CV-4849, 2010 WL 4038794, at *3 (E.D.N.Y. Oct. 1, 2010) (quoting Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978)). Rather, "the judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." Williams, 287 F. Supp. 2d at 249; see In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.").

Under Section 455(a), a judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The showing of personal bias to warrant recusal must ordinarily be based on 'extrajudicial conduct . . . not conduct which arises in a judicial context.'" Goodman v. City of New York, No. 23-CV-9648 (JGLC), 2025 WL 289704, at *2 (S.D.N.Y. Jan. 24, 2025) (quoting Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1141 (2d Cir. 1994)). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" Litovich v. Bank of Am. Corp., 106 F.4th 218, 224 (2d Cir. 2024) (quoting Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003)). "[R]ecusal

2

is warranted if 'an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal.'" Hayes v. ASCAP, No. 24-CV-1883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)).

Plaintiff has put forth no factual basis to support his recusal motion. Plaintiff has not articulated any facts to support a finding that my recusal is warranted. Plaintiff argues that his motion is informed by Goldberg v. Kelly, 397 U.S. 254 (1970) (see ECF No. 119), but this case provides no legal basis for my recusal. Goldberg instead concerns the question of whether a State can terminate public assistance payments without affording a recipient an opportunity for an evidentiary hearing prior to the termination. Id. at 257. In short, Plaintiff's recusal motion, to the extent it sought my recusal, is denied.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 119.

**SO ORDERED.**

DATED:    New York, New York
          February 20, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge