UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RONALD DAVIDSON,

                                   Plaintiff,                      22-CV-8936 (PGG) (VF)

                      -against-                                    **ORDER**

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                                Defendants.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On May 7, 2024, Plaintiff filed a motion requesting that the Court assign pro bono counsel for the purposes of filing an interlocutory appeal. ECF No. 79. For the reasons set forth below, the motion is denied.

        The Court previously appointed pro bono counsel to assist Plaintiff in filing his second amended complaint. See ECF No. 55; ECF No. 97. Plaintiff now requests pro bono counsel to assist in filing an interlocutory appeal, but Plaintiff does not indicate what order he intends to appeal. ECF No. 79. Interlocutory appeals, such as the one Plaintiff intends to file, "are 'strongly disfavored' in the federal system." Flores v. Nat'l Football League, No. 22-CV-0871 (VEC), 2024 WL 50238, at *2 (S.D.N.Y. Jan. 4, 2024) (quoting In re Facebook, Inc., IPO Secs. & Derivative Litig., 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014)). Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the

ultimate termination of the litigation." There has been no such order issued in this case. In fact, the case has not proceeded beyond the initial stages, as Defendants have not yet responded to the complaint. See Flores, 2024 WL 50238, at *2 (explaining that interlocutory appeals are "strictly reserved for exceptional cases" and are "especially rare in early stages of litigation.") (quoting In re Facebook, Inc., 986 F. Supp. at 533). There thus is no basis for appointing pro bono counsel because Plaintiff has no basis upon which to take an interlocutory appeal.

The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 79.

**SO ORDERED.**

DATED:    February 24, 2025
          New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge