UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RONALD DAVIDSON,

                             Plaintiff,                    22-CV-8936 (PGG) (VF)

            -against-                                 **ORDER**

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                             Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On April 16, 2025, Plaintiff filed a second motion to recuse (see ECF No. 135),[1] but Plaintiff does not indicate which of the two judges on this case the motion is directed towards. I construe the motion to be asking for my recusal. All Plaintiff provides in his motion as a basis for recusal is the following: the motion is "informed by Goldberg v. Kelly, 397 U.S. 254 (1970)," and the "US Supreme Court has confirmed many times that the federal judiciary may be guided by foreign law; however, the post hoc ergo propter hoc fallacies of the Nuremberg Laws of 1935 and its precursors have no place inside the Daniel Patrick Moynihan United States

---

[1] Plaintiff filed his first motion to recuse on January 20, 2025 (see ECF No. 119) and the Court denied that motion on February 20, 2025. ECF No. 122.

1

Courthouse." See ECF No. 135. Plaintiff provides no other basis for recusal. For the reasons discussed herein, Plaintiff's motion is denied.[2]

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. As the Second Circuit has articulated, "'an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Williams v. New York City Housing Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966)). "The judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." Williams, 287 F. Supp. 2d at 249; see In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.").

Under Section 455(a), a judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The showing of

---

[2] Because a motion to recuse is non-dispositive, I address Plaintiff's motion via an opinion and order rather than a report and recommendation. See Rouviere v. DePuy Orthopaedics, Inc., 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024).

personal bias to warrant recusal must ordinarily be based on 'extrajudicial conduct . . . not conduct which arises in a judicial context.'" Goodman v. City of New York, No. 23-CV-9648 (JGLC), 2025 WL 289704, at *2 (S.D.N.Y. Jan. 24, 2025) (quoting Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1141 (2d Cir. 1994)). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" Litovich v. Bank of Am. Corp., 106 F.4th 218, 224 (2d Cir. 2024) (quoting Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003)). "[R]ecusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal.'" Hayes v. ASCAP, No. 24-CV-1883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)).

Plaintiff has not articulated any facts to support a finding that my recusal is warranted. As already explained, Goldberg v. Kelly, 397 U.S. 254 (1970), provides no legal basis for my recusal. Goldberg instead concerns the question of whether a State can terminate public assistance payments without affording a recipient an opportunity for an evidentiary hearing prior to the termination. Id. at 257.

Plaintiff's recusal motion, to the extent it sought my recusal, is denied. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 135.

**SO ORDERED.**

DATED:   New York, New York
         April 24, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge