**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RONALD DAVIDSON,

                                Plaintiffs,

                   -against-

OFFICE OF COURT ADMINISTRATION;
LAWRENCE MARKS; ALIA RAZZAQ;
TRACEY FERDINAND; JOHN SULLIVAN;
JOHN DOE; and DENIS KEHOE,

                              Defendants.
-----------------------------------------------------------------X

**22-CV-8936 (PGG) (VF)**

**<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On October 27, 2025, Plaintiff filed a motion and accompanying affirmation seeking "reconsideration" or "vacatur" of the ruling at ECF No. 148 "per FRCP Rule 54(b)(1)(B)." <u>See</u> ECF No. 153 at ¶¶ 1, 18-20, 23; ECF No. 154 at ¶¶ 1, 29, 31, 47. Plaintiff's motion is DENIED.

        As background, Defendants filed their motion to dismiss on April 4, 2025. ECF No. 128. The Court granted Plaintiff two extensions of the deadline to file his opposition to the motion (<u>see</u> ECF Nos. 136, 139), and as a courtesy, provided Plaintiff with a final opportunity to file his opposition by September 2, 2025 (ECF No. 142). The Court warned Plaintiff that failure to file an opposition would lead the Court to deem the motion to dismiss fully briefed. <u>Id.</u>

        On September 3, 2025,[1] Davidson filed a motion to "preclud[e]" Defendants' motion to dismiss. ECF No. 146 at ¶ 1. On September 8, the Court entered a memo endorsement, stating that (1) the Court construed Plaintiff's September 3 filing at ECF No. 146 as an opposition to Defendants' motion to dismiss, (2) Defendants could file any reply brief by September 22, 2025,

---

[1] Plaintiff's filing is dated September 3, 2025, but it was entered on the electronic docket on September 5, 2025.

and (3) briefing on the motion to dismiss would be complete after any reply brief from Defendants. ECF No. 148. Defendants declined to file a reply brief. ECF No. 149. And other than the September 3 filing, Plaintiff did not file any other document that could be construed as an opposition to the motion to dismiss.

Plaintiff now seeks reconsideration or vacatur of the September 8 memo endorsement at ECF No. 148. It appears that Plaintiff wants the Court to prevent or preclude Defendants from filing a motion to dismiss. Defendants, however, are entitled to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). And Plaintiff was provided ample opportunity to respond to the motion. Moreover, rather than concluding that Plaintiff did not file an opposition to the motion, the Court construed Plaintiff's filing on September 3 as an opposition to the motion. In short, Plaintiff's motion for reconsideration or vacatur is improper. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 153.

**SO ORDERED.**

DATED:        New York, New York
              October 29, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge